## THE STEAMER ADIRONDACK.

*(District Court, S. D. New York.  December 29, 1880.)*

1. SALVAGE—APPORTIONMENT—EXPENSES—SHARE OF STEAMER—ENGINEER—TAKING ASSIGNMENT OF SEAMAN'S SHARE.

On apportionment of a fund awarded by the court as salvage, which is applied for by the master and part of the crew of the steamer rendering the service:

*Held*, that the owners are entitled to $750, to be re-imbursed out of the fund before it is apportioned, as indemnity for all the expenses and loss by reason of the salvage service.

That law expenses, incurred in the trial of the suit in which the amount of salvage was awarded, should not be included, as they were rendered mainly unnecessary by the claimants having tendered, in their answer in that suit, and paid into court, all that was properly due for salvage service.

That, following the principle of admiralty courts favoring the claims of a steamer employed in a towage salvage service, a proper apportionment in the present case will be three-fifths of $6,750—the fund remaining after deducting the owners' expenses of salvage service—to the owners of the steamer, as principal salvor, and two-fifths to the master and crew, as follows: $300 to the master, and the residue among the officers and crew, including the master, in proportion

to their respective wages; the shares of the master and crew to be free of all charges and expenses incurred by the owners.

That no sufficient ground is shown for giving the engineer of the steamer an extra share.

Also *held*, that the owners cannot extinguish the claims of seamen for salvage who have not appeared to claim their shares by taking an assignment from them. The amounts actually paid the seamen may be considered as paid on account of their shares, and re-imbursed to the owners,—the residue of the seamen's shares to remain in the registry to await their application therefor.

In Admiralty.

*L. Ullo,* for master and seamen.

*J. E. Parsons,* for owners.

CHOATE, D. J. This is an application by the master and part of the crew of the steam-ship Plainmeller for an apportionment of the salvage in the case of *The Adirondack,* 2 FED. REP. 387, 872. It is shown, on the part of the owners of the Plainmeller, that they incurred some expenses, by reason of the salvage service, which should be first re-imbursed to them out of the amount paid. They are: For port charges in New York, about $275; extra coal, $250; captain's expenses, $60; and some other trifling expenses. They ask to be allowed, also, for law expenses in the trial of the suit— some $750; charges of their agents for attending to the business of the suit; and some $400 for repairs. As to these expenses, it was not shown upon the hearing, and is not now shown, that the towage service made any repairs necessary, and the law expenses incurred were, in my judgment, mainly unnecessary, as the Adirondack offered to pay all that was properly due for the service rendered. These charges ought not, therefore, to be taken into account in apportioning the salvage; and, under all the circumstances, I think that $750 will be a full indemnity to the owners of the vessel for their expenses and loss by reason of the salvage service. This is all for which they have any just claim on the master and crew for re-imbursement. Deducting this sum, there remains $6,750 to be apportioned between the vessel and the master and crew. The owners of the vessel urge that the vessel was the principal salvor, and that the service of the master and

crew were attended with so little risk and additional labor that they should recieve only a small proportion—perhaps one-quarter part of the amount. The claims of a steamer employed in a towage salvage service are very favorably considered by the courts of admiralty, because, without her powerful aid, the master and crew could not save the property, and the use of the steamer is the use of the capital of the owners, and their property is necessarily put at some risk in the enterprise. Yet, while this consideration has received full recognition, it has been generally thought just to divide the award in nearly equal parts between the vessel and the actual salvors, the variations from this distribution depending on the particular circumstances of each case, affecting the merits of their respective claims. *The Perla,* Swa. 230; *The How,* 3 Hagg. 256, note; *The Earl Gray,* Id. 364; *The Himalaya,* Swan, 515; *The Spirit of the Age,* Id. 286; *The St. Nicolas,* Lush. 29; *The Princess Helena,* Id. 197; *The True Blue,* L. R. 1 P. C. 259; *The Sir Ralph Abercrombie,* Id. 461; *The Kingalock,* 1 Spk. 267; *The Alfen,* Swa. 190; *The Leipsic,* 5 Fed. Rep. 108.

A proper apportionment in the present case will, I think, be three-fifths of the $6,750 to the owners of the steamer, as the principal salvor, and two-fifths to the master and crew, as follows: Three hundred dollars to the master, and the residue among the officers and crew, including the master, in proportion to their respective wages; the shares of the master and crew to be free from all charges for law expenses or other charges incurred by the owners.

An extra share is asked for the chief engineer, but I see no sufficient ground for giving it.

It appears that the owners have taken assignments from some of the crew, who have not yet appeared to make a claim for their shares. The amounts actually paid these men may be considered as paid on account of their shares, and re-imbursed to the owners. The residue of their shares will remain in the registry to await their application for it. The owners cannot thus extinguish the claims of seamen.

Decree accordingly.